**Mahasn BASSEM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71884.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.*

Decided Sept. 20, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ravit Rae Halperin, Esq., Korenberg Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Los Angeles, CA, Louis J. Ruffino, Esq., Office of the District Counsel, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Petitioner Mahasn Bassem applied for asylum, withholding of removal, and relief under the Convention Against Torture. The immigration judge denied his application based on an adverse credibility finding, which the BIA affirmed. Bassem now petitions for review.

The panel reviews the IJ's denial of the petition for substantial evidence. *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). Bassem's testimony contained a material inconsistency as to the number of times he claims he was electrically shocked by the Syrian government. In his application for asylum, he stated that he received electrical shocks three-times per week during his incarceration. During his testimony before the IJ, he stated he received electrical shocks three-times over his two-month incarceration, a statement he repeated upon the IJ's clarification. This inconsistency goes to the heart of Bassem's asylum application. It is, therefore,

material and as a result, the adverse credibility finding by the IJ was supported by substantial evidence.

Bassem also filed a motion to stay voluntary departure. This motion is moot because it is treated as being included within his prior motion to stay removal. *Desta v. Ashcroft,* 365 F.3d 741, 743 (9th Cir.2004). Nonetheless, we must calculate the remaining number of voluntary departure days available to Bassem. On April 7, 2003, the BIA granted Bassem thirty-days to depart voluntarily. On May 6, 2003, Bassem filed his motion to stay removal. Applying FED. R.APP. P. 26(a) and this Court's holding in *Desta,* 365 F.3d at 750, Bassem has one-day from the issuance of this mandate to depart voluntarily from the United States before the Attorney General may enter a removal order.

**PETITION DENIED; MOTION DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

